### GEORGE LAWRENCE vs. MOSES SOUTHER.

The record of a justice of the peace, before whom an action of trespass was brought, showed that the defendant pleaded the general issue, which was joined, and that "the defendant offering in evidence title to the real estate upon which the alleged trespass was committed, the plaintiff appealed to the next court of common pleas," &c. "and entered into recognizance, as the law directs, to prosecute said appeal there with effect." The plaintiff entered said action in the next court of common

pleas, and judgment was there rendered against him.   He thereupon brought a writ of error to reverse said judgment, on the ground that the action was not rightly removed into the court of common pleas, and that said court had no jurisdiction thereof.   *Held,* that it sufficiently appeared, on the justice's record, that the title to real estate was brought in question, in the action pending before him; that the term " appealed " was not used technically, but was meant to express the plaintiff's election to remove the case to the court of common pleas; and that said court had jurisdiction of the case.

WRIT OF ERROR to reverse a judgment of the court of com mon pleas, in an action of trespass originally brought before a justice of the peace by the plaintiff in error.   The opinion of the court exhibits the whole case.

*B. Russell,* for the plaintiff in error.

*E. R. Hoar,* for the defendant in error.

SHAW, C. J.   The only error assigned is, that the case, which was originally commenced before a justice of the peace, was not rightly removed to the court of common pleas, and that said court had no jurisdiction.

We think this case is conclusively settled by that of *Hunt v. Wilson,* 1 Met. 309.   The revised statutes altered the law on this subject.   Formerly, the question of title to real estate must have appeared by the pleadings, in order to warrant a removal of the cause to the court of common pleas.   *St.* 1783, *c.* 42, § 2. But the Rev. Sts. *c.* 85, § 11, authorize all pleadings before a justice to be made orally, in order, no doubt, to avoid the perplexities of special pleading before a court not expected to proceed with great technical accuracy ; and this was done before the passing of *St.* 1836, *c.* 273, abolishing special pleading in other courts.   By § 3 of the same chapter 85, almost as a necessary consequence of this change in the mode of pleading before a justice, it is provided that " when it shall appear by the pleadings or otherwise, in any action pending before a justice of peace, that the title to real estate is concerned or brought in question, the fact, if not otherwise appearing, shall be stated on the record, and the case, at the request of either party, shall be removed to the court of common pleas."   That court then has jurisdiction of the cause, as if originally commenced there

In examining the justice's record, as here presented, to see if the error assigned is well founded, we find the commencement of the action of trespass by writ, its entry, continuance, the appearance of parties, plea of the general issue, and joinder. The record then proceeds as follows :   " And the defendant offering in evidence title to the real estate, upon which the alleged trespass was committed, the said George Lawrence " (original plaintiff and plaintiff in error) " appealed to the next court of common pleas to be held," &c. " and entered into recognizance, as the law directs, to prosecute said appeal there with effect." This is precisely the case contemplated by the statute. It does appear on the record, not indeed " by the pleadings," but " otherwise," that the title to real estate was brought in question, and that thereupon one of the parties did request that it should be removed, and entered into recognizance to prosecute. This is the case in which it is declared, by the statute, that it shall be tried and determined, in the court of common pleas, as if it had been originally commenced in that court. Rev. Sts c. 85, § 3.

The magistrate in his record has used the term " appealed ; " but it is manifest from the context that the term was not used technically, but in its more general sense, showing an election of the plaintiff to change the forum, to which, in the case stated, he was entitled, and to express which, the term " appealed," in its connexion, was sufficiently significant and intelligible.

*Judgment of the court of common pleas affirmed*